**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **MOHAMMAD YAZID ZAGHIA** | * | |
| | * | **MAGISTRATE JUDGE:** |

**COMPLAINT**

This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1482, and its implementing regulations, including 34 C.F.R. pt. 300, as well as La. R.S. 17:1941 *et seq*. and La. Admin. Code tit. 28, pt. XLIII. Over a span of approximately ten months—from November 2025 through September 2026, Defendant Mohammad Yazid Zaghia ("Zaghia"), proceeding pro se, filed ninety (90) administrative due process complaints on behalf of his three minor children, A.Z. ("Student 1"), A.Z. ("Student 2"), and J.Z. ("Student 3")[1], against Plaintiff Lycée Français International de la Louisiane ("LFI"). Student 1 has been identified as a student with a disability under the IDEA and receives special education and related services through an Individualized Education Program ("IEP"); Students 2 and 3 have not been identified as students with disabilities under the IDEA. In every adjudicated proceeding, the hearing officer ruled against Zaghia and in favor of LFI. Not once did Zaghia prevail.

After each adverse ruling, Zaghia had the right to seek judicial review under 20 U.S.C. § 1415(i)(2). Upon information and belief, he exercised that right in none. Instead, he filed new complaints substantially similar to those already rejected raising the same or overlapping claims.

[1] The students are identified via initials pursuant to F.R.C.P. Rule 5.2. Due to similar initials, the students will be identified as Student 1, Student 2, and Student 3.

Hearing officers repeatedly found his filings duplicative, barred by collateral estoppel or res judicata, or outside the jurisdiction of an IDEA hearing officer.

Each complaint forced LFI to retain counsel, prepare a response, and participate in the administrative process imposing significant legal fees and diverting teacher and administrator time from educating students. LFI brings this action seeking two forms of relief: (1) a narrowly tailored pre-filing injunction, under the Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651, barring Zaghia from filing or pursuing further IDEA due process complaints concerning LFI students without first obtaining leave of Court; and (2) an award of reasonable attorneys' fees and costs under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), to the extent authorized for complaints that were frivolous, unreasonable, or without foundation or presented for an improper purpose.

**PARTIES**

1. Plaintiff Lycée Français International de la Louisiane ("LFI") is a Type 2 charter school organized under La. R.S. 17:3981 et seq., serving students in kindergarten through twelfth grade.
2. LFI's principal place of business is 721 St. Philip Street, New Orleans, LA 70116.
3. LFI is a "local educational agency" ("LEA") under the IDEA, 20 U.S.C. §§ 1401(6), 1401(19), and 1415. As a Type 2 public charter school organized under La. R.S. 17:3981 et seq., LFI operates as an LEA for purposes of the IDEA.
4. Defendant Mohammad Yazid Zaghia ("Zaghia") is an individual residing in New Orleans, Louisiana. He filed and pursued all ninety (90) due process complaints at issue pro se, without representation by counsel.
5. Zaghia is the parent and legal guardian of three minor children, identified below as Student 1, Student 2, and Student 3.

6. A.Z. (born 2009), hereinafter referred to as "A.Z." or "Student 1."

7. A.Z. (born 2016), hereinafter referred to as "A.Z." or "Student 2."

8. J.Z. (born 2014), hereinafter referred to as "J.Z." or "Student 3."

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction under 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331. LFI's fee claim arises under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). The pre-filing injunction rests on this Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in Orleans Parish, Louisiana, within the Eastern District of Louisiana.

**STATEMENT OF FACTS**

11. Between November 2025 and September 2026, a period of approximately ten months, Zaghia filed ninety (90) due process complaints on behalf of his three minor children: seventy-one (75) on behalf of Student 1 (A.Z.), eight (8) on behalf of Student 2 (A.Z.), and seven (7) on behalf of Student 3 (J.Z.).

12. Across filings for each student, the complaints allege substantially the same or overlapping operative facts and seek substantially the same relief.

13. In every adjudicated proceeding that Zaghia initiated, the hearing officer ruled against him and in favor of LFI. Zaghia prevailed in none of the due process complaints adjudicated to date.

14. Multiple hearing officers found that the majority of Zaghia's repetitive claims were duplicative of pending or previously adjudicated proceedings, barred by collateral estoppel

and/or res judicata, or beyond an IDEA hearing officer's jurisdiction—including claims under Section 504, the ADA, and Louisiana tort law.

15. After each adverse ruling, Zaghia could seek judicial review under 20 U.S.C. § 1415(i)(2). Upon information and belief, he did not appeal any ruling. Instead, he continued filing substantially similar due process requests raising the same or overlapping claims.

16. Despite those adverse rulings and dismissals, Zaghia has continued to file new due process complaints concerning the same parties and the same or substantially similar facts. That conduct evidences a clear pattern of vexatious and repetitive litigation.

***A.Z. — Student 1***

17. Student 1 (A.Z.) is a seventeen-year-old student currently enrolled in the eleventh grade at Lycée Français International de la Louisiane ("LFI").

18. A.Z. has been identified as a student with a disability under the Individuals with Disabilities Education Act ("IDEA") and receives special education and related services through an Individualized Education Program ("IEP").

19. Between November 10, 2025, and September 16, 2026, Zaghia filed seventy-five (75) due process complaints on behalf of Student 1 (A.Z.).

20. Each due process complaint triggered a formal administrative proceeding requiring LFI to retain counsel, prepare a written response, and participate in the pre-hearing process or a full hearing.

21. The complete procedural history of Zaghia's seventy-five (75) due process complaints on behalf of Student 1 including each docket number, filing date, summary of allegations, and disposition is set forth in Exhibit A, which is incorporated herein by reference. The

complaints fall into the following categories, each demonstrating the repetitive and duplicative nature of Zaghia's filings.

22. Between November 10, 2025, and April 28, 2026, Zaghia filed eleven (11) due process complaints on behalf of Student 1 that were dismissed by the Tribunal. Hearing officers found these complaints to be duplicative of pending or previously adjudicated proceedings, to raise claims outside the jurisdiction of an IDEA hearing officer, including claims under Section 504, the ADA, and Louisiana tort law or to assert allegations that were conditional or hypothetical rather than definitive. See, e.g., 2025-24490-DOE-IDEA (dismissed January 16, 2026, as duplicative and beyond the scope of IDEA); 2026-1854-DOE-IDEA (dismissed March 25, 2026; no change of placement occurred and the retaliation, ADA, and Section 504 claims were beyond the Tribunal's authority); 2026-3349-DOE-IDEA (dismissed April 22, 2026, as duplicative and not presenting new or distinct violations). The first-filed complaint, 2025-21905-DOE-IDEA, was dismissed on May 5, 2026, after Parent failed to appear and carry the burden of proof.

23. Ten (10) additional complaints, filed between February 6 and April 27, 2026, were terminated on May 29, 2026, pursuant to a mediation agreement dated May 5, 2026.

24. On a single day, June 1, 2026, Zaghia filed twelve (12) due process complaints on behalf of Student 1 (2026-13811-DOE-IDEA through 2026-13822-DOE-IDEA). These complaints overwhelmingly challenged prior ALJ orders and the mediation agreement as void, asserting that an ALJ could not dismiss a complaint based on a mediation agreement the ALJ could not enforce. The Tribunal dismissed all twelve complaints on June 26, 2026, because the claims concerned another ALJ's handling of prior complaints and were beyond the ALJ's jurisdiction.

25. On June 26, 2026, the same day the Tribunal dismissed the twelve June 1 complaints Zaghia filed another twelve (12) due process complaints on behalf of Student 1 (2026-15613-DOE-IDEA through 2026-15661-DOE-IDEA). These complaints raised substantially the same challenges to prior orders and the mediation agreement. The Tribunal dismissed all twelve on July 7, 2026, on the same grounds.

26. On July 8, 2026, Zaghia filed thirteen (13) due process complaints on behalf of Student 1 (2026-16501-DOE-IDEA through 2026-16513-DOE-IDEA). Each complaint alleged that the Tribunal relied on false premises and refused to adjudicate a mandatory FAPE claim in prior proceedings. The Tribunal dismissed all thirteen complaints between August 17 and 18, 2026, as duplicative and barred by res judicata because the same issues had been finally decided in prior proceedings.

27. On August 19, 2026, Zaghia filed four (4) additional due process complaints on behalf of Student 1 (2026-19421-DOE-IDEA (67-H-26), 2026-19422-DOE-IDEA (67-H-27), 2026-19423-DOE-IDEA (67-H-28), and 2026-19425-DOE-IDEA (67-H-29)). These complaints alleged violations related to teacher qualifications, IEE request procedures, and reevaluation deficiencies, and challenged prior DAL dismissal orders as void. One complaint (67-H-28) was filed without identifying any allegations.

28. On September 4, 2026, Zaghia filed eight (8) additional due process complaints on behalf of Student 1. These complaints reasserted allegations substantially identical to complaints previously dismissed by the Tribunal, including denial of FAPE, failure to implement IEP, Section 504 and ADA violations, and challenges to prior dismissal orders. The complaints have not yet been assigned docket numbers and remain pending.

29. Zaghia filed seventy-five (75) due process complaints on behalf of Student 1 (A.Z.). Of the Student 1 complaints adjudicated, LFI prevailed in every instance through dismissals for duplicativeness, lack of jurisdiction, or failure to state claims cognizable under the IDEA. No hearing officer ruled in Zaghia's favor on any complaint concerning Student 1. The eight (8) complaints concerning Student 2 and the seven (7) concerning Student 3 bring the total to ninety (90).

***A.Z. — Student 2***

30. Student 2 (A.Z.) is approximately ten years old and is currently enrolled in fifth grade at Lycée Français International de la Louisiane ("LFI").

31. Student 2 (A.Z.) has not been identified as a student with a disability under the Individuals with Disabilities Education Act ("IDEA").

32. Between approximately November 2025 and August 31, 2026, Zaghia filed eight (8) due process complaints on behalf of Student 2 (A.Z.).

33. Each due process complaint triggered a formal administrative proceeding requiring LFI to retain counsel, prepare a written response, and participate in the pre-hearing process or a full hearing.

34. Between November 26, 2025, and August 31, 2026, Zaghia filed eight (8) due process complaints on behalf of Student 2, each alleging substantially the same core violations: Child Find failures, denial of FAPE, and procedural violations related to gifted screening and evaluation. The complete procedural history is set forth in Exhibit A. The Tribunal dismissed each adjudicated complaint finding them duplicative of prior proceedings, barred by res judicata, or materially identical to previously adjudicated claims. See, e.g., 2026-3106-DOE-IDEA (dismissed March 23, 2026, as duplicative and raising the same

core allegations as the prior filing); 2026-10922-DOE-IDEA (dismissed July 14, 2026, as duplicative and barred by res judicata); 2026-18670-DOE-IDEA (dismissed August 26, 2026, as barred by res judicata because the claims were materially identical to claims previously adjudicated and denied on the merits, and because the request sought judicial review of prior DAL decisions). One complaint (2025-23259-DOE-IDEA) was voluntarily withdrawn. The most recent filing, made on August 31, 2026 (Hearing No. 67-H-34), remains pending and has not yet been assigned a DOE-IDEA docket number.

35. Zaghia filed eight (8) due process complaints on behalf of Student 2 (A.Z.). LFI prevailed in each adjudicated matter, generally through dismissal for duplicativeness or failure to state a claim cognizable under the IDEA. One complaint was voluntarily withdrawn, and one complaint remains pending.

***J.Z. — Student 3***

36. Student 3 (J.Z.) is approximately twelve years old and is currently enrolled in seventh grade at Lycée Français International de la Louisiane ("LFI").

37. Student 3 (J.Z.) has not been identified as a student with a disability under the Individuals with Disabilities Education Act ("IDEA").

38. Between approximately November 2025 and July 2026 including the April 2026 filings Zaghia filed seven (7) due process complaints on behalf of Student 3 (J.Z.).

39. Each due process complaint triggered a formal administrative proceeding requiring LFI to retain counsel, prepare a written response, and participate in the pre-hearing process or a full hearing.

40. Between November 26, 2025, and July 14, 2026, Zaghia filed seven (7) due process complaints on behalf of Student 3, including complaints filed on April 2 and April 29,

2026, and raising substantially the same core allegations across multiple filings: denial of FAPE, failure to conduct an initial evaluation, denial of parental participation, retaliation, and breach of a resolution agreement. The complete procedural history is set forth in Exhibit A. Complaint 2026-8939-DOE-IDEA, filed April 2, 2026, alleged denial of FAPE, failure to conduct an initial evaluation, denial of parental participation, failure to implement procedural safeguards, interference with parental rights, retaliation, and breach of a resolution agreement; its Motion to Dismiss remains pending. Complaint 2026-10920-DOE-IDEA, filed April 29, 2026, also remains pending on a Motion to Dismiss. At the time of filing of this Complaint, Motions to Dismiss were pending in five of these complaints (2025-23260-DOE-IDEA, 2025-24734-DOE-IDEA, 2026-4268-DOE-IDEA, 2026-8939-DOE-IDEA, and 2026-10920-DOE-IDEA), and two matters (2026-17139-DOE-IDEA and 2026-17142-DOE-IDEA) were set for a due process hearing on October 20, 2026.

41. Zaghia filed seven (7) due process complaints on behalf of Student 3 (J.Z.). The complaints raise substantially the same core allegations across multiple filings. Upon information and belief, no hearing officer has ruled in Zaghia's favor on any complaint concerning J.Z.

**Pattern of Vexatious and Repetitive Litigation**

42. Ninety (90) due process complaints seventy-five (75) concerning Student 1, eight (8) concerning Student 2, and seven (7) concerning Student 3 are at issue in this action.

43. Every adjudicated proceeding ended against Zaghia. The Tribunal dismissed or ruled against him because his claims were duplicative of pending or previously adjudicated proceedings, outside the Tribunal's jurisdiction, including claims under Section 504, the

ADA, and Louisiana tort law or conditional, hypothetical, or otherwise failed to state claims cognizable under the IDEA.

44. Multiple complaints filed by Zaghia on behalf of each child contain substantially identical or overlapping allegations, directed at the same incidents (including the December 16, 2025, safety incident, the January 12, 2026 discipline incident, and the February 4, 2026 lunch detention), and seek substantially the same relief.

45. On at least three occasions, June 1, 2026, June 26, 2026, and September 4, 2026, Zaghia filed multiple due process complaints on behalf of a single child in a single day: twelve on June 1, twelve on June 26, and eight on September 4.

46. The IDEA provides that "[n]othing in this section shall be construed to preclude a parent from filing a separate due process complaint on an issue separate from a due process complaint already filed." 20 U.S.C. § 1415(o) *(emphasis added)*.

47. Multiple hearing officers expressly found that Zaghia's successive complaints did not raise issues "separate from" those already filed. Hearing officers described the complaints as "duplicative," "barred by res judicata," and "not presenting new or distinct violations" findings that establish Zaghia's filings exceeded the permissible scope of § 1415(o).

48. Rather than exercise his statutory right to seek judicial review of adverse rulings under 20 U.S.C. § 1415(i)(2), Zaghia chose to file new complaints based on the same operative facts a strategy that imposed fresh litigation costs on LFI with each filing while bypassing review of the hearing officers' adverse rulings on the merits.

49. This pattern is inconsistent with a good-faith effort to vindicate cognizable legal rights and is instead consistent with a strategy designed to force LFI to incur such great expense that it would capitulate to Zaghia's demands regardless of their merit.

50. The extraordinary pace of filing is inconsistent with a good-faith effort to vindicate any cognizable legal right. The pace and volume are instead consistent with an intent to overwhelm LFI and the IDEA administrative system.

51. The burden of responding to ninety due process complaints has required LFI administrators and teachers to devote substantial time to complaint responses, hearings, and pre-hearing processes time diverted from educating students. This diversion of limited IDEA resources diminishes LFI's ability to serve all students with disabilities, an irreparable injury that cannot be remediated by a monetary award.

52. Zaghia's serial filings have taken a toll on the emotional well-being and professional performance of LFI's staff.

53. Monetary remedies alone are inadequate. A fee judgment cannot restore the staff time already diverted from students, nor can it prevent future harm. Upon information and belief, Zaghia lacks the financial capacity to satisfy any substantial judgment for attorneys' fees, rendering a fee award an insufficient deterrent. Absent injunctive relief, Zaghia's pattern of serial filings will continue unabated, imposing cumulative and unrecoverable harm on LFI and its students.

54. Zaghia's abuse of the IDEA due process system frustrates the statute's objectives. The financial and human resources consumed in defending against repetitive complaints are resources unavailable to serve other students with disabilities at LFI. It is in the public interest to prevent the continued misuse of the IDEA's procedural safeguards in a manner that undermines the educational mission they were designed to protect. *See Powhatan Cnty. Sch. Bd. v. Skinger*, No. 3:24-cv-874, 2025 WL 2496396 (E.D. Va. Aug. 29, 2025), *aff'd sub nom.*, *Powhatan Cnty. Sch. Bd. v. Lucas*, No. 25-2064, 2026 WL 2018755 (4th Cir.

July 13, 2026) (granting permanent pre-filing injunction against serial filer of repetitive IDEA due process complaints and finding that such conduct "frustrates the objectives of the IDEA" and constitutes irreparable injury).

55. Zaghia's conduct constitutes a clear pattern of vexatious litigation. His ninety duplicative and meritless complaints have forced LFI to incur substantial legal fees and to redirect limited resources including teacher and administrator time away from educating students and toward defending baseless claims.

56. Accordingly, LFI seeks reasonable attorneys' fees and costs incurred in responding to Zaghia's meritless due process complaints and a narrowly tailored pre-filing injunction under the Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651 barring Zaghia from filing or pursuing additional IDEA due process complaints concerning LFI students without first obtaining leave of Court.

**FIRST CLAIM – PRE-FILING INJUNCTION**

57. Plaintiff realleges and incorporates by reference Paragraphs 11 through 56 as if fully set forth herein. The Fifth Circuit considers the litigant's history of litigation, motive, whether the litigant is represented by counsel, and whether prior sanctions or other remedies would be adequate when determining whether to impose a pre-filing injunction; any injunction must be narrowly tailored to the demonstrated abuse. Baum v. Blue Moon Ventures, LLC, 513 F.3d 181 (5th Cir. 2008); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986); see also *Powhatan Cnty. Sch. Bd. v. Skinger*, No. 3:24-cv-874, 2025 WL 2496396 (E.D. Va. Aug. 29, 2025) (granting permanent pre-filing injunction under eBay factors against serial filer of repetitive IDEA due process complaints on behalf of a single

student). Zaghia's conduct satisfies that standard: he filed ninety (90) duplicative and repetitive complaints, pursued them pro se, and continued filing after adverse rulings.

58. Of those complaints, seventy-five (75) concerned Student 1, eight (8) concerned Student 2, and seven (7) concerned Student 3. They involved the same or substantially similar operative facts, or facts so intrinsically related that they should have been raised in a single proceeding.

59. Zaghia has continued to initiate requests for due process hearings concerning the same or substantially similar operative facts. That request raises many of the same issues that were or could have been adjudicated in the preceding ninety (90) complaints and evidences a pattern of vexatious, unreasonable, and repetitive litigation.

60. Zaghia has no good-faith basis to pursue these duplicative and repetitive requests for due process hearings.

61. Zaghia has evidenced an intent to harass LFI and other state and local officials through repetitive and duplicative requests for due process hearings. His exaggerated and inflammatory language in those complaints and in communications to LFI, LFI's counsel, and others concerning the allegations at issue here and in other IDEA matters further exemplifies that intent.

62. Zaghia's conduct has imposed an extensive burden on LFI, consuming its limited financial and non-financial resources.

63. Zaghia's tactics affect LFI's employees and the lives of children and families within the school community.

64. During the 2025-26 hearing year (July 1, 2025, through June 30, 2026), the Louisiana Department of Education recorded a total of 118 due process hearing requests filed statewide. Attached as Exhibit B.

65. Of those 118 complaints, 56 were filed by Zaghia representing approximately 47.4% of all special education due process complaints filed across the entire State of Louisiana during that period. A single individual accounted for nearly half of all due process activity in a state serving hundreds of public-school districts and charter schools.

66. The volume and repetitive nature of these filings demonstrate that Zaghia's complaints are not genuine efforts to vindicate students' rights, but a deliberate strategy to harass and coerce LFI through misuse of the administrative process.

67. No adequate alternative remedy will prevent the continuing irreparable harm caused by Zaghia's repetitive filings. A narrowly tailored pre-filing injunction requiring Zaghia to obtain leave of this Court before filing or pursuing another IDEA due process complaint concerning an LFI student is therefore necessary to protect the Court's docket and LFI's resources. *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006) (setting forth the standard for permanent injunctive relief); *Powhatan Cnty. Sch. Bd. v. Skinger,* 2025 WL 2496396, at *12 (applying eBay factors to grant permanent pre-filing injunction in IDEA vexatious-filing context).

**SECOND CLAIM – ATTORNEYS' FEES**

68. Plaintiff realleges and incorporates by reference Paragraphs 11 through 64 as if fully set forth herein.

69. As of August 31, 2026, LFI has incurred $110,829.70 in attorneys' fees and costs responding to and defending against Zaghia's ninety (90) previously filed due process complaints. LFI will submit billing records and other evidence establishing the amount and reasonableness of those fees.

70. LFI prevailed in every adjudicated due process proceeding described above. The remaining matters were withdrawn, resolved through mediation, or remain pending, as alleged above.

71. Zaghia's ninety (90) due process complaints including seventy-five (75) concerning Student 1, eight (8) concerning Student 2, and seven (7) concerning Student 3 raise many of the same issues adjudicated in earlier complaints, assert issues that could have been raised in those earlier complaints, and/or assert issues outside the jurisdiction of an IDEA due process hearing. Zaghia presented and continued at least some of these complaints for an improper purpose to harass LFI, to cause unnecessary delay, and to needlessly increase the cost of litigation as shown by his repeated filing of materially overlapping complaints after adverse rulings, his failure to appeal, his same-day mass filings, and the burdens described above.

72. Under 20 U.S.C. § 1415(i)(3)(B)(i)(II), a court may award reasonable attorneys' fees to a prevailing LEA against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continues to litigate after the litigation clearly becomes frivolous, unreasonable, or without foundation; subsection (II) authorizes fees against an attorney, not the parent directly. Under 20 U.S.C. § 1415(i)(3)(B)(i)(III), a court may award reasonable attorneys' fees to a prevailing LEA against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. Because Zaghia filed and pursued the complaints pro se, subsection (III) is the primary basis for a fee award against him. LFI seeks reasonable fees and costs attributable to the complaints that satisfy these standards. The Fifth Circuit has recognized that an LEA may bring a civil action to recover IDEA attorneys' fees based on an improper purpose. *Alief Indep. Sch. Dist. v. C.C. ex rel. Kenneth C.*, 655 F.3d 412 (5th Cir. 2011).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lycée Français International de la Louisiane respectfully requests that this Court:

1. Enter a narrowly tailored pre-filing injunction under the Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651, prohibiting Zaghia from filing or pursuing any further IDEA due process complaint concerning any LFI student without first obtaining leave of this Court;
2. In the alternative, enter a narrowly tailored pre-filing injunction prohibiting Zaghia from filing or pursuing any further IDEA due process complaint concerning Student 1 (A.Z.), Student 2 (A.Z.), or Student 3 (J.Z.) without first obtaining leave of this Court;
3. Enter an injunction staying the fourteen (14) currently pending due process complaints thirteen (13) concerning Student 1 and one (1) concerning Student 2 and any associated hearing dates, pending further order of this Court;
4. Award LFI its reasonable attorneys' fees and costs attributable to qualifying due process complaints under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) against Zaghia to the extent authorized under subsection (III), in an amount presently estimated at $110,829.70.
5. Award LFI its reasonable attorneys' fees and costs incurred in prosecuting this action, to the extent permitted by law;
6. Declare that the qualifying due process complaints were frivolous, unreasonable, or without foundation and/or were presented for an improper purpose, including to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
7. Enter judgment in favor of LFI and against Zaghia on the claims asserted in this Complaint, and retain jurisdiction to enforce, supervise, and modify the pre-filing injunction and to adjudicate any alleged violation thereof;

8. Grant LFI all other relief to which it is entitled and that the Court deems just and proper.

Respectfully submitted:

**ADAMS & REESE, LLP**

***/s/Ashley B. Jackson***

Ashley B. Jackson, T.A.(La. Bar No. 36107)
Patrick D. Riley (La. Bar No. 41910)
450 Laurel Street, Suite 1500
Baton Rouge, LA 70801
Telephone: (225) 336-5200
Facsimile: (225) 336-5220
ashley.jackson@arlaw.com
patrick.riley@arlaw.com
***Counsel for Lycée Français International de la Louisiane***