UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LYCEE FRANCAIS INTERNATIONAL DE LA LOUISIANE | CIVIL ACTION |
| VERSUS | NO. 26-2109 |
| MOHAMMAD YAZID ZAGHIA | SECTION M (4) |

**ORDER & REASONS**

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process filed by *pro se* defendant Mohamed Zaghia.[1] Plaintiff Lycée Français International de la Louisiane ("Lycée Français") responds in opposition.[2] Zaghia replies in further support of his motion.[3] Zaghia also moves to strike or disregard the purported return of service and to find plaintiff failed to satisfy Rule 4.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motions.

**I. BACKGROUND**

This case concerns a dispute between a parent and his children's school. Mohamed Zaghia is the father of three minor children who attend Lycée Français, at least one of whom is eligible for special education services.[5] In its complaint, Lycée Français alleges that since November 2025, Zaghia has "filed ninety (90) administrative due process complaints [against the school] on behalf of his three minor children," which, argues Lycée Français, "evidences a clear pattern of vexatious and repetitive litigation."[6] Lycée Français filed this suit on September 18, 2026, under the

[1] R. Doc. 8.
[2] R. Doc. 11.
[3] R. Doc. 14.
[4] R. Doc. 17. Because the motion to strike presents largely the same arguments as the motion to dismiss, the Court considers both motions in tandem.
[5] R. Doc. 1 at 1.
[6] *Id.* at 1, 4.

Individuals with Disabilities Education Act ("IDEA") and Louisiana law, seeking, *inter alia*, a permanent injunction against Zaghia to prevent him from filing any additional IDEA due process complaints against Lycée Français "without first obtaining leave of this Court."[7] The Clerk of Court for the Eastern District of Louisiana issued a summons as to Zaghia that same day.[8]

The facts regarding service in this matter are largely undisputed.[9] On October 6, 2026, just after 4:00 p.m., Zaghia "was seated inside [his] parked vehicle on [Lycée Français's] property" when a uniformed constable approached his vehicle.[10] After Zaghia lowered his window, the constable handed him an unmarked envelope,[11] while Zaghia photographed the exchange.[12] After the constable left, Zaghia opened the envelope to "discover a summons and complaint inside"[13] regarding a lawsuit – this lawsuit – against a "Mohammad Yazid Zaghia."[14] Zaghia filed the instant motion to dismiss the next day.[15]

## II. PENDING MOTION

Zaghia argues that the complaint must be dismissed for insufficient service of process for a few reasons. First, he argues that Lycée Français cannot meet its burden to show valid service because it had not filed a sufficient affidavit pursuant to Rule 4(*l*) of the Federal Rules of Civil Procedure before Zaghia filed his motion.[16] Second, Zaghia argues that service was improper because the server (*i.e.*, the constable) did not ask Zaghia to confirm his identify prior to handing him the envelope containing the summons and complaint and because the server was unaware of

---

[7] *Id.* at 1, 16.

[8] R. Doc. 3.

[9] *Compare* R. Docs. 8 at 1-2; 8-1 at 1-2 (Zaghia's recitation of the facts), *with* R. Doc. 11 at 3 (Lycée Français's citations to Zaghia's motion in order to lay out the relevant facts surrounding service).

[10] R. Doc. 8 at 1.

[11] *Id.* at 1-2.

[12] R. Docs. 8-2; 8-3.

[13] R. Doc. 8 at 2.

[14] *See* R. Docs. 1 at 1; 3 at 1.

[15] R. Doc. 8.

[16] R. Docs. 8-1 at 2; 14 at 6; 17 at 4-6.

the envelope's contents, which, contends Zaghia, also makes service invalid under Louisiana law.[17] Third, Zaghia claims that Louisiana also requires service to be attempted by a sheriff or a court-appointed server before a private individual can serve the defendant and so, because the server was not a sheriff or appointed by this Court, service was insufficient.[18] And fourth, Zaghia argues he was never properly served because his first name was misspelled in both the summons and complaint.[19] Thus, although he concedes he received service of the summons and complaint, Zaghia maintains that the alleged defects in service render void the actual notice of the lawsuit he did receive.[20]

In response, Lycée Français argues that it filed a valid proof of service on October 14, 2026, which is *prima facie* evidence of proper service, but that even if this Court were to find a defect with this proof, any such defect should not "affect the validity of service."[21] Lycée Français also contends that Rule 4(e)(2)(A) does not require "that the server know, announce, or certify the nature of the papers," or "that the envelope be labeled."[22] Therefore, says Lycée Français, it complied with Rule 4(e)(2)(A) when the constable handed Zaghia the envelope containing a copy of the summons and complaint.[23] Lycée Français also argues that the constable was qualified to serve process because he is over 18 years of age and is not a party to the action.[24]

The Court will address each of Zaghia's arguments in turn.

---

[17] R. Doc. 8-1 at 2-3.
[18] R. Doc. 8 at 4.
[19] R. Doc. 14 at 3-4.
[20] R. Docs. 8-1 at 2; 14 at 3, 9.
[21] R. Doc. 11 at 8 (quoting Fed. R. Civ. P. 4(*l*)(3)).
[22] *Id.* at 7.
[23] *Id.* at 6-7.
[24] *Id.* at 6.

## III. LAW & ANALYSIS

### A. Standard for Insufficient Service of Process

"To acquire jurisdiction over the person, a court must serve on the person a document, such as a summons, notice, writ, or order." *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995) (quotation omitted). Rule 12(b)(5) authorizes a court to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Service is insufficient if it is not made in compliance with the requirements of Rule 4. "[O]nce the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

### B. Proof of Service

Rule 4(*l*) provides that "[e]xcept for service by a United States marshal or deputy marshal," proof of service must be made by an affidavit of the server. Under 28 U.S.C. § 1746, "[a]n unsworn declaration may be treated as an affidavit if it contains a statement that the contents of the declaration are 'true and correct' under penalty of perjury." *Way v. City of Missouri City*, 133 F.4th 509, 516 (5th Cir. 2025) (citing 28 U.S.C. § 1746). Once filed, "[t]he general rule is that 'a signed return of service constitutes *prima facie* evidence of valid service,'" *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (citation modified) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)), which a defendant can overcome by "showing that the return is inaccurate." 4B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1130 (4th ed. 2026).

Lycée Français effected service on October 6, 2026, and filed a proof of service signed by the constable on October 14, 2026, "declar[ing] under penalty of perjury that this information is true," in accordance with 28 U.S.C. § 1746.[25] Although on the complaint and summons Zaghia's first name is misspelled as "Mohammad,"[26] the proof of service provides that the server personally served "Mohamed Yazid Zaghia," which is Zaghia's legal name.[27]

Zaghia claims that Lycée Français's proof of service is insufficient because it does not address how the server identified Zaghia, because it was filed roughly a week after service was executed,[28] and because the facts it provides were, allegedly, not based on the constable's personal knowledge.[29] But Zaghia does not provide the Court with any legal authority for requiring either that the proof of service state the basis of the server's knowledge or that the return be filed by a specific deadline. Regarding the constable's personal knowledge, Zaghia asserts that he and the constable had "no prior acquaintance" and thus the constable could not have identified Zaghia without requesting identification.[30] But these assertions alone do not prove that the constable could not have independently recognized Zaghia, whose children attend the very institution at which the constable was employed.[31] And even if Zaghia could show that the proof of service is defective because the constable did not actually know that he served a summons and complaint to Zaghia, service is still valid if it otherwise complies with Rule 4. *See* Fed. R. Civ. P. 4(*l*) ("Failure to prove service does not affect the validity of service."). Finally, because Zaghia's motions do not

---

[25] R. Doc. 10.
[26] R. Doc. 1.
[27] R. Doc. 10 at 2.
[28] R. Doc. 14 at 6.
[29] R. Doc. 17-1 at 5.
[30] R. Docs. 8 at 3; 17-1 at 4.
[31] *See* R. Docs. 1 at 1; 8 at 1.

challenge but instead corroborate the facts presented in the proof of service,[32] the Court finds the return to be accurate and, therefore, that it may serve as "*prima facie* evidence of valid service." *People's United Equip. Fin. Corp.*, 447 F. App'x at 524.[33]

**C. Method of Service**

Rule 4(e) provides that an individual may be properly "served in a judicial district of the United States by," *inter alia*, "following state law for serving a summons … in the state where the district court is located" *or* "delivering a copy of the summons and of the complaint to the individual personally." The rule thus gives parties the option to follow the relevant state procedure for service or to effect service by the various means prescribed by the federal rules. When serving an individual personally, Rule 4 does not require that the server know the contents of the envelope containing a summons and complaint or that the envelope be marked before handing it to the defendant, and Zaghia does not point to any federal law or court precedent to that effect. Zaghia does urge that Louisiana law requires the server to know "he is serving judicial process,"[34] but because Lycée Français opted to use a federal procedure to serve process (*viz.*, personal delivery to Zaghia), the state requirements do not apply. Nor does Rule 4 require the server to ask the defendant for identification or have "independent knowledge" of the defendant being served. In his motion and reply, Zaghia concedes via his declaration that he is "the Defendant in this action,"[35]

[32] *Compare* R. Doc. 8 at 1-2 (stating he received the summons on October 6, 2026, at around 4:11 p.m. while on Lycée Français's property), *with* R. Doc. 10 (proof of service stating that Mohamed Yazid Zaghia was personally served "in the front of the school" on October 6, 2026, at 4:12 p.m.).

[33] In his motion to strike or disregard purported return of service, Zaghia also claims that he never received the return of service, which he argues undermines the return's credibility and violates Rule 5(a)(1)(E). R. Doc. 17 at 4-6. But Zaghia may access a copy of the return filed in this case via the Public Access to Court Electronic Records Website. Regarding Rule 5(a)(1)(E), this rule requires that "a written notice, appearance, demand, or offer of judgment, or any similar paper" "must be served on every party." Although courts have not defined the scope of "any similar paper," the Court notes that the nature of the enumerated items is such that each item requires another party to act, such as appearing in court or providing a response. A return of service is therefore not "similar" because it is merely proof that an action occurred in the past and requires no affirmative response by the court or the parties once filed.

[34] R. Doc. 8 at 4-5.

[35] R. Doc. 8-2 at 1.

and that he personally received a copy of the summons and complaint and even provides photographs to the Court which corroborate actual service.[36] Rule 4(e) allows for service to be made by "delivering a copy of the summons and of the complaint to the individual personally," full stop. Fed. R. Civ. P. 4(e)(2)(A). That is exactly what happened when the constable handed "a copy of the summons and of the complaint to [Zaghia] personally." *See id.*

This case is distinguishable from the cases cited by Zaghia, such as *Way v. Mueller Brass Co*, 840 F.2d 303 (5th Cir. 1988). In that case, the Fifth Circuit found that service was deficient even though the defendant had actual notice of the pending lawsuit. *Id.* at 306. There the question was whether the plaintiff properly served a state government organization. *Id.* at 305-06. States or other governmental bodies must be served "'by delivering a copy of the summons and of the complaint to the chief executive officer,'" or by serving each document according to state law, which in *Way* allowed for process to be served on the state attorney general. Fed. R. Civ. P. 4(j)(2)(A)-(B); *see Way* 840 F.2d at 305 (quoting the predecessor version of the rule). The plaintiff in *Way* did not serve either the chief executive officer of the state organization or the state attorney general, but merely "mailed a copy of the summons and complaint to" a local branch manager of the defendant organization. *Way*, 840 F.2d at 305. Thus, although the defendant organization had "actual notice" of the lawsuit, process had not been delivered to the correct individual for purposes of service. Here, Zaghia's motion and attached exhibits, in addition to the proof of service filed by Lycée Français, confirm that a copy of the summons and complaint was handed to Zaghia personally – a method of service specifically authorized by Rule 4. Lycée Français is not simply relying on Zaghia's actual notice of the lawsuit, but it relies on the statutorily authorized manner in which service was accomplished. Hence, service on Zaghia was not defective on this basis.

---

[36] R. Docs. 8-1 at 2; 8-2; 8-3.

**D. Server Qualifications**

Service of process may be made by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c). "At the *plaintiff's* request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added). Zaghia again cites Louisiana law to support his argument that service here must first have been attempted by the sheriff or a court-appointed official.[37] Yet, again, because Lycée Français followed federal procedure in making service, Louisiana's requirements are inapplicable. In short, Zaghia cannot look to Louisiana law to challenge whether the constable met the federal requirements. And Zaghia does not contradict Lycée Français's claim that the constable "is over 18,"[38] nor does he claim that the constable is a party to the action.[39] As such, the constable was qualified under Rule 4(c) to serve process on Zaghia in this matter.

**E. The Misspelling of Defendant's First Name**

"[S]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999); *cf. Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418, 1993 WL 58742, at *12 (5th Cir. Feb. 16, 1993) (refusing to reverse an arbitration award for "technically identif[ying] the wrong party"). The Court acknowledges that the complaint and summons both contain a misspelling of Zaghia's first name. But "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. As the Supreme Court teaches, "the core function of service is to supply notice of the pendency of a legal action,

---

[37] R. Doc. 8 at 4.

[38] R. Doc. 11 at 5.

[39] Zaghia does mention that the constable is an employee of Lycée Français but only to explain that the constable was not a sheriff or court-appointed official. R. Docs. 8 at 4; 8-1 at 3. He does not argue that the constable is a "party" by virtue of his alleged employee status.

in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Zaghia's motion papers and his actions at the time of service and afterwards demonstrate that he received notice of the pending action by a method of service authorized by the federal rules. Zaghia filed the instant motion to dismiss the day after receiving the allegedly defective service.[40] He confirms receipt of service in his own statement of the facts.[41] Zaghia thus plainly understood that he was the named defendant in the suit notwithstanding the misspelling of his first name. And the fact that the server provided the correct spelling of Zaghia's name in the proof of service (*i.e.*, the return) he subsequently filed confirms that Mohamed Zaghia, and not some other individual named "Mohammad Zaghia," was the actual and intended recipient of the suit.[42] To be sure, "[w]hat was involved was, at most, a mere misnomer that injured no one." *Cigna Ins.*, 1993 WL 58742, at *12 (alteration in original) (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 874 (4th Cir. 1947)). Consequently, the Court cannot dismiss this case for insufficient service of process on the basis of an inconsequential misspelling of Zaghia's first name.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that defendant Mohamed Zaghia's motion to dismiss for insufficient service of process (R. Doc. 8) is DENIED.[43]

---

[40] R. Doc. 8.

[41] *Id.* at 1-2.

[42] R. Doc. 10 at 2.

[43] Given this disposition of Zaghia's motion to dismiss, and consistent with the Court's prior Order (R. Doc. 15), Zaghia must now file his response to Lycée Français's motion for preliminary injunction (R. Doc. 4) **no later than November 16, 2026** (that is, two weeks from the date of this Order & Reasons), and then Lycée Français may file a reply in support of its motion for preliminary injunction **on or before November 23, 2026**, at which time the motion for preliminary injunction will be taken under submission on the papers.

IT IS FURTHER ORDERED that Zaghia's motion to strike or disregard purported return of service and to find plaintiff has failed to satisfy Rule 4 (R. Doc. 17) is also DENIED for the reasons stated herein.

New Orleans, Louisiana, this 2nd day of November, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE